**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case Number:_____-CIV-_____

**RAYMOND T. MAHLBERG,**

     **Plaintiff,**

**v.**

**ELIE TAHARI Ltd.,**

     **Defendant.**

_____/

## COMPLAINT FOR PERMANENT INJUCTIVE RELIEF

**COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.  This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

2.  Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. In the statutory text, Congress determined that "individuals with disabilities continually encounter various forms of discrimination," including "communication barriers". 42 U.S.C. § 12182(a).

4. Defendant's adjunct website https://www.elietahari.com and specifically the Florida website https://www.elietahari.com (the "Website" or Defendant's website) is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in ELIE TAHARI LTD. ("Defendant" or "ELIE TAHARI") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

5. Throughout the ADA, "auxiliary aids and services" refers to techniques and devices to overcome barriers in communicating with people who have visual and hearing impairments, among other things. See 42 U.S.C. 12103(1).

6. Implementing these provisions, see 42 U.S.C. § 12186(b), the Attorney General's Title III regulations require public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations specifically list "screen reader software," "magnification software," and "accessible electronic and information technology" as among the auxiliary aids that the statute requires. 28 C.F.R. § 36.303(b)(2).

7. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").  Defendant's failure to design, construct, maintain, and operate its website https://www.elietahari.com/ to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

8.  Defendant's website  https://www.elietahari.com/  (the "Website" or Defendant's website). Defendant owns and operates the website and ELIE TAHARI stores that are located in Florida.

9. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court. 8. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

10. Plaintiff cannot use his computer and browser without the assistance of appropriate and available screen reader software to understand websites.

11. Defendant's Website contains digital source code barriers where screen-readers for the blind do not work.

12. This case arises out of the fact that Defendant ELIE TAHARI Ltd.  has operated its business in a manner and way that effectively excludes individuals who are visually

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

impaired from access to Defendants' ELIE TAHARI website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

10. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant effectively and timely such that allowing access to Defendants' various business locations; as such impediment as rendered Defendants' physical places of accommodation not fully accessible to the visually impaired.

12. Plaintiff has attempted to access Defendant's Website in the past and intends to continue to attempt to access Defendant's Website https://www.elietahari.com.

13. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website https://www.elietahari.com/, Plaintiff will continue to be denied full access to the ELIE TAHARI website.

## JURISDICTION AND VENUE

15. Venue is proper in the Southern District of Florida, where a substantial part of the events giving rise to the claims occurred in the Southern District of Florida. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

16. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury and violated rights the ADA prescribes to Plaintiff and to other blind and

other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities and services of Defendant's Website while attempting to access the website from his home in Orlando from his mobile phone and laptop in Broward County. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from visiting Defendant's brick-and mortar physical locations. This includes, Plaintiff attempting to obtain information about Defendant's physical locations (locations and hours and other important information) in Orange and Broward County.

17. Plaintiff is a resident of Orlando, FL 32817. Plaintiff was told that there is a store near his home in Orlando, FL.

18. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendants' business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

19. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Orange County and Broward County, Florida. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times

in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and-mortar stores.  Defendant ELIE TAHARI is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## THE PARTIES

20. Plaintiff Mahlberg, is a resident of the State of Florida. Plaintiff, resides in Orlando, FL, is *sui juris*, who is legally blind, and a member of a protected class under the ADA. Whereby, he has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind.  Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, he has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104. 21. Plaintiff cannot use the computer without the assistance of a screen reader software. Mahlberg is a proficient user of the JAWS screen-reader to access the internet." JAWS, or "Job Access With Speech," is the most popular screen reading software for Windows-based computers. For screen-reading software to work, the information on a website must be capable of being rendered into text. Usually, this means that graphics and embedded hyperlinks must include alternative text (known as "alt-text")—a description of the image that appears when a cursor floats over it or screen-reading software detects it.

21. Defendant is ELIE TAHARI Ltd. a foreign profit corporation. Defendant is the owner and operator of a chain of stores under the brand name ELIE TAHARI and there are approximately ELIE TAHARI authorized retailers, ELIE TAHARI of them just in Florida. Defendant has stores located in Orange, Palm Beach and Broward County, Florida at International Drive, Orlando FL 32819 and at the Sawgrass Mall.

22. Upon information and belief, at all times material hereto, Defendant ELIE TAHARI Ltd. owns, operates, and/or manages the day-to-day affairs and stores of ELIE TAHARI, which are operating within Orange, Broward and Palm Beach County and other counties in the State of Florida.

23. Plaintiff believes, and thereon alleges, that defendants ELIE TAHARI are corporate affiliates and/or related entities, actively engaged in retail and fashion market industry in various states throughout the country, including Florida.

24. Plaintiff is further informed that said companies are organized and existing under, and by virtue of, the laws of the state of New Jersey, with their headquarters and principal corporate offices located in the Millburn, NJ and New York. Said Defendant entities will hereinafter collectively be referred to as "ELIE TAHARI," "the Defendant Company" or, where appropriate, "Defendants."

## FACTS

25. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

26. Each of Defendant's ELIE TAHARI stores are open to the public and each is a place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] bakery, grocery store, **clothing store**, hardware store, shopping center, or other sales or rental establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

27. ELIE TAHARI clothing stores offer for sale to the general public fashionable clothing items including, but not limited to: suits, jackets, pants, fragrances, etc.  to the general public.

28. Defendant has control over its website and operates his web pages, including image and data content. Defendant owns and operate the domain name https://www.elietahari.com/ that is configured for use by mobile devices such as smartphones, as well as regular computer laptops and desktops to access Defendant's website.

29. One of the functions of Defendant's website (available in mobile or computer version) is to provide the public information on the various locations of Defendant's stores that sell merchandise. The other function of the website is to sell Defendant's merchandise.

30. Defendant's Website is offered by Defendant as a way for the public to communicate with ELIE TAHARI merchandise.  Defendant's Website also permits the public to register and create an account allows the general public to make a shopping list on-line (for in-store pick up), provides information on its ELIE TAHARI products, and (among other things) provides: clothing for sale, rewards, promotions, online gift card, and other services.

31. Defendant, ELIE TAHARI provides a website application, where the customer can sign in, create an account and receive an unique ID is associated to that customer. The customer can shop and track his purchase online, buy a gift card and check the gift card balance.

32. The Website is an integral part of the goods and services offered by Defendant's store, because website and physical stores are heavily integrated, since the website allows the public the ability to locate Defendant's stores and retail locations, sells merchandise and

33.  Further, The Defendant's Website is offered to provide the general public information, facilitates shopping and offers exclusive deals. The website is an extension of defendant's physical stores. By this nexus, between the store and the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA.

34. Plaintiff is a customer of ELIE TAHARI brand merchandise through his internet inquiries, and his intent to purchase clothing in a weekly basis. Plaintiff then learned there are some ELIE TAHARI's stores in his area in Orlando as well as in the Sawgrass Mall which Plaintiff, every week, enjoys to visit the mall for entertainment and shopping.

35.  As a result of Plaintiff being legally blind, before he embarks on any venture from his home, he studies the location where he is seeking to patronize through using the internet. In the case of Plaintiff's investigation of ELIE TAHARI's store locations, Plaintiff went to defendant's Website to learn (1) how to navigate to and from ELIE TAHARI's store locations; (2) the cost and deals of clothing at ELIE TAHARI different locations, (3) buy online a gift card at ELIE TAHARI and check its balance; (4) times and dates of operation ELIE TAHARI's stores in his area so he can arrange transportation with the intent of purchasing ELIE TAHARI's brand merchandise, (5) privacy policy.

36. Like most consumers, Plaintiff accesses numerous websites at a time to compare merchandise and prices, sales, discounts, and rewards programs. Plaintiff may look at several dozens of sites to compare features, models, quality and prices.

37. During the plaintiff's several visits to the website using JAWS (computer) and Voiceover (mobile) occurring in **October 13, 2019** and the last in **November 22, 2019**, the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the facilities, goods, and services of the website, as well as to the facilities, goods, and services of Defendant's locations in Orlando Florida (near Plaintiff's home).

38. Plaintiff was impeded to patronize ELIE TAHARI stores by Plaintiff being unable to learn about ELIE TAHARI location addresses, hours, clothing merchandise, fragrances, and gift card available for purchase, and the ability to create an online account, read the Return and Privacy Policy, among other things readily available to sighted individuals.

39. Plaintiff also intended to use ELIE TAHARI Website in order to purchase clothing merchandise (https://www.elietahari.com). However, when Plaintiff went online to purchase fashionable clothing and create an account, he was unable to complete the transaction. Neither locate an ELIE TAHARI store near him.

40. Plaintiff called Defendant ELIE TAHARI store to inquire about clothing selection and find the nearest store location, nearby Plaintiff's home. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

41. Plaintiff called Defendant to inquire about clothing and merchandise available for purchase at the ELIE TAHARI's stores in the Orlando area, and South Florida store location. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

42. Following communications with Defendant's representative, Plaintiff attempted to utilize Defendant's Website as instructed by Defendant's representative.

43. Defendant's Website was inaccessible, so Plaintiff could not (among other things):

    a.    Find out about ELIE TAHARI's clothing to purchase online;

    b.    Shop and purchase ELIE TAHARI's deals and online promotions;

    c.    Learn about the ELIE TAHARI's fashionable merchandise since Plaintiff buys online in a regular basis (every week for him and his family), the clothing items for the purpose of picking up at the local ELIE TAHARI's store.

    d.    Plaintiff attempted to locate an "Accessibility Notice" on Defendant's mobile and computer website which would direct him to a webpage with contact information for disabled individuals who have questions, concerns, or who are having difficulties communicating with the business. However, Plaintiff was unable to do so because no such link or notice was provided on Defendant's website.

## AMERICAN WITH DISABILITIES ACT

44. The failure to access the information needed precluded Plaintiff's ability to patronize ELIE TAHARI stores because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and insure that he arrives at a given location.

45. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "clothing store." Id. § 12181(7)(E). Defendant ELIE TAHARI owns and operates a clothing store, the ELIE TAHARI clothing stores.

45. Technology evolves, in these days, consumers are doing most of their shopping online. Defendant's provision of a Website with a shopping list is an essential part of the services offered and is no different than the customer service to the public as part of ELIE TAHARI clothing stores services, privileges and benefit to the public.

46. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

47. By this nexus, the website https://www.elietahari.com and its mobile app are characterized as an intangible service, privilege and advantage provided by ELIE TAHARI a place of Public Accommodation (ELIE TAHARI's stores) as defined under the ADA, and thus its website is an extension of ELIE TAHARI services, privileges and advantages made available to the general public by Defendant through its retail brick and mortar stores.

48. Defendant's Website is not designed with consideration for WCAG, Accessible Rich Internet Applications (*ARIA*) software language and Universal design[2]. Universal design is necessary so visually impaired individuals who use screen reader software can access the Website.

49. Plaintiff's expectation of participating in ELIE TAHARI website, services and privileges was eliminated since he could not access Defendant's

---

[2]Following **universal design** principles in creating a **website** provides access to all users regardless of their abilities, their disabilities, or the limitations of their equipment and software. Washington University. "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017).

https://www.elietahari.com website at all to avail himself of the latest services which Defendant offers to the public.

50. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website https://www.elietahari.com.

51. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's https://www.elietahari.com website and mobile application have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and-mortar stores.

52. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing ELIE TAHARI brand and  merchandise, goods and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in his own business affairs (such as in this case purchasing clothing) in a manner equal to that afforded to others who are not similarly disabled.

53.  Plaintiff's inability to fully use Defendant's Website and the mobile application therein has hindered, impeded and inhibited Plaintiff's access to Defendants physical store locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

54.  Plaintiff cannot make proper arrangements for transportation of himself to the ELIE TAHARI's store location in Orlando, Florida, without the ability to know in advance the ELIE TAHARI's merchandise, goods and services which service is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty of how to

physically travel to Defendant's ELIE TAHARI's store location in Orlando Florida, Plaintiff is effectively denied the ability to physically travel to Defendant's ELIE TAHARI's store.

55. Plaintiff has a concrete plan to purchase ELIE TAHARI's brand merchandise when he is treated like other members of the public. Consequently, the Plaintiff is unable to determine the cost of Defendant's goods and services, including becoming informed about the ELIE TAHARI's brand merchandise available for purchase.

56. By denying Plaintiff the opportunity to comprehend ELIE TAHARI Website and mobile application therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

57. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

58. On information and belief, Defendant has not offered any form of website and mobile application in an accessible format for blind or visually impaired individuals.

59. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

60. All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

61. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website and the electronic pages/data therein

which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

62. Defendant and alike retailers are fully aware of need to provide full access to all visitors to its Website as Department of Justice published several communications stating that the website is an auxiliary-aid of the physical stores and must be accessible. (*September 25, 2018 letter from Assistant Attorney General) and Title III ADA 28 C.F.R. § 36.303.*

63. Binding case law increasingly recognize that private entities are providing goods and services to the public through the websites that operate as places of Public Accommodation under Title III.

64. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

65. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

66. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

67. The Website is also a p*lace of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase ELIE TAHARI merchandise online through the Website (which meets the definition of "sales establishment").

68. Types of website source-code programming errors include (but are not limited to) source-code errors accessibility blockers which are easily identifiable which are prone to making the website inaccessible, that create empty headings and text fields that create confusion for a user that rely on the "TAB" key to navigate a web page.

69. A sampling review of just part of it revealed that the Website is not functional for users who are visually impaired. The Website contains several types of errors, easily identifiable and correctable, which occur throughout the Website such as:

    a. All image elements must have an alt attribute. WCAG 2.0 A F65

    b. Each a element must contain text or an img with an alt attribute. WCAG 2.0 A F89

    c. All fields in a group of input fields (for example phone numbers) need a label. WCAG 2.0 A F86

    d. All onclick handlers should have an equivalent onkeypress handler. WCAG 2.0 A

    e. Button elements containing only an img must have an alt attribute on the img WCAG 2.0 A F65

    f. Content inserted with CSS is not read by some screen readers, and not available to people who turn off style sheets. WCAG 2.0 A F87

    g. Iframe and frame elements must have title attributes WCAG 2.0 A 2.4.1

70. More violations may be present on webpages of the Website, and they will be determined and proven through the discovery process and expert audit.

71. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

72. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses

incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant ELIE TAHARI.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

73. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

74. Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

75. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://www.elietahari.com website which is defined within §12181(7)(E), and is subject to the ADA.

76. In addition, Defendant's representatives within its store locations have referred customers to Defendant's Website. By Defendant's representatives referring the public /visually impaired individuals to its Website for basic information needed to shop at a ELIE TAHARI store, instead of providing such information at the physical store locations, the Website has been rendered an integral part of Defendant's physical store locations. Thus, the failure of that Website contained therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical store locations.

77.   The ADA applies to the Defendant's Website, as the Website is a *place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress'' intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

78.   No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

79.   Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

80.   Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

81.   Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites and electronic documents. These violations are ongoing.

82.   As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

83.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a)        Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.elietahari.com website's being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made.  Title III American with Disabilities Act Part 36 Regulation.

b)        Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating ELIE TAHARI stores and becoming informed of and signing up for ELIE TAHARI shopping for ELIE TAHARI clothing merchandise online, and of viewing electronic documents provided to the public within Defendant's Website. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so

they are not impeded from obtaining the goods and services made available to the public.

Title III ADA Part 36 Regulation.

84. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "ELIE TAHARI" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendants' website **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendants to continually update and maintain their computer version of the defendant's website and ELIE TAHARI's mobile application (app) to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Order for Defendants to continuously monitor and maintain their computer website and mobile app to ensure that it is readily accessible to and usable by persons with vision impairment;

d. That the Court issue an Order directing Defendants to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

e. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to

42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

    Dated this 06 day of December, 2019.

> _s/Acacia Barros_
> Attorney for Plaintiff
> ACACIA BARROS, P.A.
> Acacia Barros, Esq.
> FBN: 106277
> 11120 N. Kendall Dr., Suite 201
> Miami, Florida 33176
> Tel: 305-639-8381
> ab@barroslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 06th day of December, 2019 that the foregoing

Document has been   filed   using   CM/ECF system and  will be served  via

email when Defendant/Defendant's counsel enters an appearance.