# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-cv-63112-BLOOM/Valle**

RAYMOND T. MAHLBERG,

    Plaintiff,

v.

ELIE TAHARI LTD.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Final Default Judgment Against Defendant Elie Tahari Ltd., ECF No. [17] ("Motion"). Plaintiff filed the above-captioned action on December 18, 2019. ECF No. [1]. A summons was issued as to Defendant Elie Tahari Ltd. ("Defendant") on December 18, 2019. ECF No. [3]. Service of the summons and Complaint was executed on Defendant on January 20, 2020, setting a response deadline of February 10, 2020. ECF No. [10]. After Defendant failed to respond, the Court issued an Order requiring Defendant to submit a response by February 18, 2020, and stated that, if Defendant failed to timely respond, Plaintiff was ordered to submit a Motion for Entry of Clerk's Default by February 25, 2020, ECF No. [11], which was filed on February 25, 2020, ECF No. [16], along with the instant Motion, ECF No. [17]. The Clerk of Court entered a Clerk's Default on the same day. ECF No. [18].

The Court's Order, ECF No. [11], also ordered that Plaintiff serve a copy of the Order upon all defaulting Defendants and that the Motion for Entry of Clerk's Default should include a certificate of service indicating that notice of the Order was sent to Defendant, including the

address to which it was sent. Plaintiff's Motion for Entry of Clerk's Default failed to include any certificate of service, ECF No. [16], and the Certificate of Service in the instant Motion states that the Motion was filed through the CM/ECF system "and will be served via email when Defendant/Defendant's counsel enters an appearance," ECF No. [17] at 7. This is insufficient to satisfy the service requirements ordered. Therefore, the Motion is denied without prejudice.[1]

**On or before March 6, 2020**, Plaintiff shall file a notice with the Court certifying that Defendant has been served with the Court's Order on Default Procedures, ECF No. [11], Plaintiff's Motion for Entry of Clerk's Default, ECF No. [14], the Clerk's Default, ECF No. [18], and this Order, and shall specifically include the address where Defendant was served.

**<u>Only after Plaintiff has filed such notice with the Court</u>**, Plaintiff may then refile the Motion for Default Final Judgment **by no later than March 13, 2020**. The Motion for Default Final Judgment must include affidavits of any sum certain due by Defendant *in this case*,[2] and any other supporting documentation necessary to determine Plaintiff's measure of damages. The Motion for Default Final Judgment shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) **a proposed order which details both the factual and legal bases for default**; and (3) **a separate proposed final judgment**.[3] Pursuant to the CM/ECF Administrative Procedures, the proposed orders <u>shall be submitted to the Court by e-mail in Word format</u> at <u>bloom@flsd.uscourts.gov</u>. If Defendant fails to move to set aside the Clerk's Default, default final judgment may be entered, which, simply put,

---

[1] Notably, the Court previously denied a premature motion for default judgment filed by Plaintiff, and explicitly noted the insufficient certificate of service contained within that motion. ECF No. [14]; *see also* ECF No. [13].

[2] Despite being the third motion for default judgment filed before this Court, *see* ECF Nos. [12], [13], & [17], the instant Motion still contains allegations and statements that are seemingly related to a different action. *See* ECF No. [17] at 5, ¶¶ 13(4) & 18; *see id.* at 9.

[3] These last two are required by Local Rule 7.1(a)(2).

means that Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

Further, to the extent that Plaintiff seeks attorney's fees and costs in the Motion for Default Final Judgment, such a request must be verified and must delineate: (1) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (2) the number of hours reasonably expended by each such timekeeper; (3) an <u>itemized</u> description of the tasks done during those hours; and (4) the hourly rate(s) claimed for each timekeeper. *See* S.D. Fla. L.R. 7.3(a). Plaintiff shall also properly describe and document with <u>itemized</u> invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920. *See* S.D. Fla. L.R. 7.3(a).

**<u>Plaintiff shall serve a copy of the Motion for Default Final Judgment on Defendant</u>.** In the Certificate of Service, Plaintiff shall indicate that notice was sent and the address where notice was sent. Plaintiff <u>shall not</u> rely solely on the Court's CM/ECF system to effectuate such service.

**<u>Plaintiff's failure to comply with *all* of the requirements set forth in this Order within the specified time will result in sanctions, including, but not limited to, dismissal of this action without prejudice, without further notice</u>.**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [17]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 27, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Elie Tahari Ltd.
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301